40109. BROWN et al. v. SEABOARD SURETY COMPANY.

HALL, Judge. Error is assigned on a judgment sustaining the general demurrer to an action against the surety on a highway contractor's bonds. *Held:*

*Code Ann.* § 23-1705 requires a highway contractor to furnish a surety bond for the protection of "all subcontractors and all persons supplying labor, materials, machinery, and equipment in the prosecution of the work provided for in said contract." *Code Ann.* § 23-1708 (2) gives persons protected by the bond, but having no contractual relationship with the prime contractor, the right to sue on the payment bond after giving notice to the prime contractor "stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was performed or done . . ." The bonds sued on themselves state that they are to be construed as being "in compliance with and subject to the provisions of subparagraphs (1) and (2) of Section 1 of the Act of the General Assembly of Georgia, approved February 27, 1956, amending Section 23-1705 of the Code of Georgia of 1933, as amended (Georgia Laws 1956, pages 340 et seq), as well as the other applicable provisions of the aforesaid 1956 act . . .", which provisions include *Code Ann.* § 23-1708, supra.

The petition alleges that a subcontractor on the highway con-

struction projects covered by the bonds engaged the plaintiffs to do maintenance and repair work on the subcontractor's equipment being used in the two highway construction projects covered by the bonds; that the plaintiffs gave written notices to the prime contractor of their claims for this maintenance and repair work, for which the subcontractor had not paid; and that the notices were acknowledged by the prime contractor. The alleged notices attached to the petition as exhibits refer to project numbers different from or in addition to those covered by the bonds sued on, and show different amounts claimed from the amounts alleged in the petition as sued for under the respective bonds. Neither the alleged notices nor the alleged acknowledgments can be sufficiently identified with the claims alleged as recoverable under the bonds to comply with the statutory requirement of "stating with substantial accuracy the amount claimed."

While the contractor's bond statute should be liberally construed for the protection of those who do work or furnish materials for public works, *Ingalls Iron Works v. Standard Ins. Co.*, 107 Ga. App. 454, 458, 461 (130 SE2d 606), even giving the statute the most liberal construction possible, this petition fails to show that the condition precedent of notice before suit on the bonds has been substantially complied with.

The trial court did not err in sustaining the general demurrer.

*Judgment affirmed. Carlisle, P. J., and Bell, J., concur.*

DECIDED MAY 23, 1963.

*Parker, Howard & Parker, Richard L. Parker, R. E. Fendler, M. E. Thompson, Jr.,* for plaintiffs in error.

*Wiggins & Smith, M. T. Simmons, Jr.,* contra.